■ THOMAS MESSINA et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al.,

Defendants. DUNCANSON ELECTRIC, INCORPORATED, Third-Party Defendant-Appellant.—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered June 19, 1990, which, *inter alia,* denied third-party defendant's motion for summary judgment, unanimously modified on the law and the facts to the extent of granting the motion unless third-party plaintiff complies with all outstanding discovery demands within 60 days of this court's decision and order, and otherwise affirmed, without costs.

Third-party defendant Duncanson moved for summary judgment dismissing the city's third-party complaint, since the city had failed to comply with a previous order directing the city to comply with Duncanson's discovery demands. The city asserted that its failure to comply was due to "administrative mistake". The IAS court denied the summary judgment motion and ordered the city to pay third-party defendant $500 as compensation for the services required in making the motion.

While the city's excuses for failing to comply with the demands for discovery appear to us to be questionable, there is no evidence that such failure was willful or contumacious, and thus, the motion for summary judgment was appropriately denied. *(Laverne v Incorporated Vil. of Laurel Hollow,* 18 NY2d 635, *appeal dismissed* 386 US 682.) Under the circumstances, since it appears that the city has not responded to Duncanson's demands for discovery and inspection, Duncanson's motion for summary judgment is granted unless the city complies with the demands within 60 days of this court's order. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.